IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN J. PHILPOTT,

    Plaintiff,                    No. CIV S-06-1339 MCE GGH P

    vs.

LOU BLANAS, et al.,

    Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a civil detainee proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Determining plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

A claim is frivolous if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

A complaint, or portion thereof, fails to state a claim if it appears beyond doubt there is no set of supporting facts entitling plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true its allegations, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 ( 1969).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

Named as defendants are Sacramento Sheriff Lou Blanas, Chief of the Sacramento Board of Supervisors and Chief of the Sacramento County Mental Health Services. Plaintiff alleges that while housed at the Sacramento County Jail as a civil detainee pursuant to the Sexually Violent Predators Act (SVPA), he was subjected to unconstitutional conditions.

The complaint contains nine legal claims. First, plaintiff alleges that he was retaliated against for filing grievances regarding the conditions in the jail. The complaint contains no allegations supporting this claim. Accordingly, this claim is dismissed with leave to amend.

In his second claim, plaintiff that he was subjected to unreasonable search, seizures and unreasonable use of force in violation of the Fourth and Fourteenth Amendments. These allegations state a colorable claim for relief. Hydrick v. Hunter, 449 F.3d 978, 996 (9th

2

1  Cir. 2006).

2  　　　　The complaint inadvertently omits a claim three. In his fourth claim, plaintiff
3  alleges that the conditions of the jail violated the Eighth Amendment. The Eighth Amendment is
4  not the proper vehicle to challenge conditions of civil commitment. Id. at 997. Accordingly,
5  plaintiff's Eighth Amendment claims are dismissed.

6  　　　　As his fifth ground for relief, plaintiff alleges that the conditions of the jail violate
7  his right to substantive due process. Plaintiff states a colorable claim for violation of his right to
8  substantive due process. Id. As his sixth ground for relief, plaintiff alleges violation of his right
9  to Equal Protection. Plaintiff states a colorable claim for violation of his right to Equal
10 Protection. Id. at 1002.

11 　　　　As his seventh ground for relief, plaintiff alleges that conditions of the jail violate
12 the Eighth Amendment as well as his right to substantive due process. For the reasons discussed
13 above, plaintiff's Eighth Amendment claim is legally frivolous. However, plaintiff has stated a
14 colorable claim for violation of his right to substantive due process.

15 　　　　In his ninth claim for relief, plaintiff alleges violation of the Ex Post Facto Clause.
16 In his tenth claim for relief, plaintiff alleges a violation of double jeopardy. Because of the civil
17 nature of the SVPA, these claims are legally frivolous. Id. at 997.

18 　　　　Plaintiff's claims alleging violation of the Eighth Amendment, Double Jeopardy
19 and the Equal Protection Clause are legally frivolous. In other words, plaintiff cannot cure the
20 pleading defects as to these claims because they are frivolous as a matter of law. Plaintiff may
21 cure the defects regarding his retaliation claim, as discussed above. Accordingly, plaintiff is
22 granted thirty days from the date of this order to file an amended complaint. The amended
23 complaint must be complete without reference to the original complaint. In other words, the
24 amended complaint must include all colorable claims. If plaintiff does not file an amended
25 complaint, the court will order service of the claims found colorable above.
26 /////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis is granted;

2. Plaintiff's claim alleging retaliation is dismissed and plaintiff is granted thirty days from the date of this order to file an amended complaint; if plaintiff does not file an amended complaint within that time the court will issue further orders.

DATED: 7/31/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
phil1339.ord

